[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This memorandum of decision disposes of the following pendente lite motions:
# 101 Plaintiffs Motion for Alimony and Counsel Fees
# 102 Plaintiffs Motion for Exclusive Possession
# 103 and 103.10 Defendant's Motion for Contempt and Counsel Fees
# 104 Defendant's Motion for Exclusive Possession
# 105 Defendant's Motion for Contempt Re: Porsche
# 106 Plaintiffs Motion for Extension of Time
# 107 Plaintiffs Motion to Enjoin
The court held a hearing on January 20, 2000 in connection with the aforementioned pendente lite motions at which time the parties appeared with counsel, offered testimony and introduced exhibits. In addition the court was provided with the financial affidavit of the plaintiff dated December 7, 1999 and the defendant's dated January 20, 2000.
Plaintiffs Motion #106 was granted without objection. Motions #102, #103, #103.10 and #105 were not pursued by either party and deemed abandoned. The hearing focused on Motions #101, #104 and #107. As to the request for counsel fees made by the plaintiff as part of Motion #101 neither the plaintiff nor the plaintiffs attorney made any request for such fees nor offered any testimony to substantiate an amount and the court deemed that portion of the motion abandoned.
The plaintiff voluntarily left the marital residence at the commencement of this action in November of 1999 and has no intention of returning. The defendant's Motion #104 is granted but the plaintiff may return to retrieve any personal belongings with notice to the defendant.
The court, having heard the testimony of the parties and having CT Page 2756 reviewed the exhibits and the financial affidavits of the parties and taking into consideration all of the statutory criteria set forth in §§ 46b-83 and 46b-82 makes the following findings of fact and enters the following orders.
 FINDINGS OF FACT
The parties intermarried on April 12, 1997 and separated in early December, 1999 a period of less than two and one-half years. Both parties are 27 years old and in good physical health. The plaintiff has a bachelor's degree from the University of Miami where she majored in Marine Affairs and minored in business. The defendant also earned a bachelor's degree from Huron College where he majored in business. Prior to marrying the defendant the plaintiff was employed in New York City doing special events and earning $15,000.00 per year. Subsequent to her marriage the plaintiff was employed for approximately six months working in a clothing store in West Hartford, Connecticut. She left that employment because she didn't enjoy some of the people she had to deal with and working interfered with her lifestyle. The defendant was employed with Pan-Pacific Development Corp. which was headquartered in San Diego although his employment was here in Connecticut.
The plaintiff is planning to enter the fashion industry in New York City and live in Fairfield, Connecticut. She expects to earn $30,000.00 per year. The defendant is in real estate development funded by his father. Although he shows no income as a property manager he testified he would earn $25,000.00 if he was paid. Although she claims she is looking for employment the plaintiff has done little to become employed. Since the parties married the defendant's father has provided them with a monthly expense allowance of $7,000.00 per month and has also been extremely generous in paying for the couple's vacations, etc., and underwriting their lifestyle. The defendant's father has also loaned his son $975,000.00 for his real estate ventures.
The plaintiffs financial affidavit on the expense side reflected her needs as if she were still living in the marital residence, paying all the bills and incurring the same expenses prior to separation.
The court had no evidence as to her current needs or her living expenses upon moving to Fairfield. CT Page 2757
There is no question in the court's mind that the parties lived off the largesse of the defendant's father. In addition to the aforesaid loan the defendant hopes to pay back his father for the subsidy he and his wife received since their marriage.
Counsel for the plaintiff proposed that the court award her client $5,300.00 alimony per month on a net basis, i.e., a total award of approximately $8,000.00 per month. The only source for this award would be for the defendant's father to pay this amount. The plaintiff is further seeking the court to allow and permit her to continue to drive the Chevy Tahoe and enjoin the defendant as set forth in Motion #107.
 ORDERS
1. The plaintiff shall be permitted to continue her use of the Chevy Tahoe pendente lite. All expenses in connection with such use, including repairs and maintenance shall be at her sole expense.
2. Each of the parties are hereby enjoined from harassing or annoying the other and shall refrain from contacting the other's relatives to discuss the pending action. Neither shall speak about the other in a negative fashion.
3. The defendant shall pay to the plaintiff as periodic alimony the sum of $600.00 per week for a period of 13 weeks. Said alimony shall terminate at the expiration of said 13 weeks or upon the dissolution of the marriage of the parties at which time the court will reconsider the amount of post-judgment alimony to be awarded to the plaintiff, if any. Said payments shall commence one week from the filing of this memorandum.
John R. Caruso